IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Antonio Wiley, | ) | C/A No. 4:19-cv-01403-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Officer Coffman and Lt. Leonard, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report").

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Randy Antonio Wiley ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff alleges Officer Coffman violated his constitutional rights when he placed him in a cell with alleged fecal matter. Relatedly, Plaintiff alleges Lt. Leonard violated his constitutional rights when he responded to Plaintiff's corresponding grievance as lacking merit. Defendants filed a motion for summary judgment on December 16, 2019, Plaintiff filed his response in accordance with the Roseboro Order on January 2, 2020, and Defendants replied on January 8, 2020. [ECF Nos. 34, 36, 38, 39.] On May 5, 2020, the Magistrate Judge issued the Report, recommending that this court grant Defendants' motion for summary judgment. [ECF No. 51.]

Attached to the Report was the notice of right to file objections. Plaintiff filed objections on May 18, 2020. [ECF No. 53.] Defendants submitted a reply on June 1, 2002, and the matter is ripe for consideration by this court. [ECF No. 55.]

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities."  *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.  The objections, however, are addressed in turn below.

Plaintiff's first objections relate to the statements and findings in the Supervisor Summary Report, which was attached to the Defendants' motion for summary judgment. The objections are not specific to any finding in the Report. However, having reviewed the motion for summary judgment, Plaintiff's opposition, and Plaintiff's objections, the court finds that Plaintiff failed to come forward with any admissible evidence to dispute the statements and findings in the Supervisor Summary Report. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (Once a movant meets the burden of establishing that there is no genuine dispute of material fact, the non-moving party "must, by affidavit or the like, respond to the motion."). As a result, the court overrules the objections.

Similarly, Plaintiff also objects to the Report's finding that "[t]here are no facts that Plaintiff came into direct contact with the dried feces during the approximately fourteen hours he was in the cell." [ECF No. 51 at p.8.] Plaintiff states: "I object. I did come into contact with. I vomited 4 times." [ECF No. 53 at p.1 (emphasis omitted).] Plaintiff's unsworn and unverified statements are insufficient. In the sworn statements submitted as part of Plaintiff's opposition to summary judgment, he does not state that he came into direct contact with the fecal matter. [*See* ECF No. 38-1.] The facts, even when viewed in the light most favorable to Plaintiff, establish that he was in a cell with dried feces for approximately fourteen hours, he was removed and placed in another cell, and he was allowed to shower. [ECF No. 51 at p.8.] Plaintiff does not dispute these material facts. Accordingly, the court overrules Plaintiff's objection and finds that Defendants are entitled to judgment as a matter of law.

And, finally, Plaintiff seems to object to the state of the law on whether the smell of feces is sufficiently egregious to constitute a constitutional violation. [ECF No. 53 at p.1. ("How can they say the smell of feces is not sufficiently serious?").] This court will not outline each and every

3

case addressing this issue, but suffice it to say that the Report thoroughly and correctly covers this area of the law. [ECF No. 51 at p.7.] Plaintiff fails to identify any binding precedent to the contrary. This objection is also overruled.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court **ADOPTS** the Report [ECF No. 51] in its entirety and incorporates the same herein by reference. Therefore, it is the judgment of this court that Defendants' motion for summary judgment [ECF No. 34] is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

June 4, 2020
Florence, South Carolina